**Brenda RAMBO, Plaintiff–Appellant,**

v.

**DELTA AIRLINES INC., Defendant,**

and

**Delta Family–Care Disability Survivorship Plan, Defendant–Appellee.**

No. 00–15414.

DC No. CV–99–00507–MMC.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted May 15, 2001.*

Decided June 1, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Brenda Rambo sought judicial review of the denial of her claim for disability benefits by the administrator of the Delta Family Care Disability and Survivorship Plan (the Plan), a private employee benefits plan governed by the Employee Retirement Income Security Act. The district court granted summary judgment against Rambo, and this timely appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *McKenzie v. Gen. Tel. Co.*, 41 F.3d 1310, 1314 (9th Cir.1994). The district court determined that it was required by collateral estoppel to review the decision of the Plan's administrator only for abuse of discretion. Rambo has not challenged this collateral estoppel ruling on appeal, so we likewise review the decision of the Plan's administrator only for abuse of discretion.

▪ The district court did not err by failing to require the Plan's administrator

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

to consider the combined effects of Rambo's illnesses. The district court properly concluded that its review was limited to the evidence that was before the administrator when Rambo's benefits were denied. *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1472 (9th Cir.1993); *see also Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 976–77 (9th Cir.1999). The court found that Rambo had not presented any evidence of the combined effects of her illnesses to the administrator. On appeal, Rambo has neither challenged this finding nor pointed to any such evidence. Consequently, her argument regarding combined effects is without merit.

■ The district court was not compelled to find that Rambo is disabled under the Plan either by *Bragdon v. Abbott,* 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998), or by the reports of Rambo's doctor, Dr. Hermania Palacio. *Bragdon* is inapplicable because it dealt with the definition of disability under the Americans with Disabilities Act, which differs dramatically from the Plan's definition. *See id.* at 639–40, 118 S.Ct. 2196. The evidence of Dr. Palacio's reports cited by Rambo does not show that Rambo was disabled under the Plan – it does not indicate that Dr. Palacio has ever even alleged that in 1994 Rambo suffered from a "demonstrable injury or disease (including mental or nervous disorders) which will continuously and totally prevent [her] from engaging in any occupation whatsoever for compensation or profit, including part-time work."

The Plan's definition of disability does not exceed any requirements that are imposed by case law. Rambo cites *Helms v. Monsanto Co.* 728 F.2d 1416 (11th Cir. 1984), and *Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan,* 85 F.3d 455 (9th Cir. 1996), but neither case imposes any constraints that are violated by the Plan.

The district court found that Rambo had not presented any evidence to the administrator showing that she was disabled at the relevant time. Rambo has not challenged this finding on appeal. Consequently, the district court did not err by failing to require the Plan's administrator to take vocational evidence or to identify a particular job that Rambo could perform. *McKenzie,* 41 F.3d at 1317–18.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.